IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case Nos.:    3:08cr79/MCR
                                                      3:12cv71/MCR/EMT

DOVER EUGENE PERRY

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon the Government's motion to dismiss (doc. 1685) Defendant's amended motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (doc. 1682) (Defendant's original § 2255 motion was filed on February 7, 2012, pursuant to the prison mailbox rule[1] (*see* doc. 1678 at 35)).  Also before the court is Defendant's response to the Government's motion to dismiss (doc. 1687).

Defendant was sentenced after a jury trial to a total term of 120 months imprisonment on July 29, 2010, for conspiracy to defraud the United States and commit wire fraud, as well as conspiracy to commit money laundering (docs. 1308, 1315, 1331).[2]  No fine was assessed in light of the anticipated restitution (doc. 1331 at 17).  Judgment was entered on August 10, 2010,[3] but the matter of restitution was deferred (doc. 1315 at 6).  The court held a hearing on the issue of restitution on

_____

[1] Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

[2] This sentence was significantly below the applicable guidelines range of 260 to 327 months (doc. 1331 at 5–6, 14–15).

[3] Both the Judgment and the Statement of Reasons were signed on August 7, 2010, a Saturday, but entered on the docket on Tuesday, August 10, 2010.

October 27, 2010, and ruled from the bench that no restitution would be ordered and that a written order would follow (doc. 1492). An amended judgment reflecting that no restitution was owed was entered on November 12, 2010 (doc. 1522). The court issued its written memorandum opinion denying the Government's request for restitution on February 8, 2011, citing the Government's failure to prove its actual loss or to give the court a proper basis upon which to estimate the loss and its failure to seek restitution on behalf of the individual victims (doc. 1608). The court specifically stated that its opinion "intended to memorialize and explain the court's ruling made in open court" on October 27, 2010 (doc. 1608 at 2). Defendant did not appeal his sentence or conviction at any time.[4]

On August 19, 2011, Defendant filed a motion for extension of time to file a § 2255 motion (doc. 1646). In his motion, Defendant noted that his judgment "became final" on August 7, 2010, (the date the original Judgment and Commitment Order was signed), and he requested an extension of "at least 60 days" to file his § 2255 due to the voluminous nature of the transcripts and the fact that he had represented himself at trial (doc. 1646 at 1). The court denied this motion on August 29, 2011, noting that it lacks jurisdiction to consider the timeliness of a § 2255 petition until one is actually filed (doc. 1645). As previously noted, Defendant filed his initial § 2255 motion pursuant to the prison mailbox rule on February 7, 2012.[5] Thereafter, he was required to file an amended

---

[4] The district court had thoroughly explained Defendant's right to appeal at sentencing (doc. 1331 at 19–21).

[5] It is well established that a pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. Houston, 487 U.S. at 266; Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed). Defendant's motion was signed on February 7, 2012 (doc. 1678 at 35; postmark also reflects this date). The Government's motion contains the comment that "*charitably construed*, Perry's motion was filed February 7, 2012 . . . ." (doc. 1685 at 4). Such a construction is not "charitable." It is a proper calculation of the date Defendant's motion was filed in accordance with the prison mailbox rule.

motion due to his failure to use the proper court form (doc. 1679). In the amended motion currently before the court, Defendant raises four grounds for relief:

1. He is factually and actually innocent of conspiracy to defraud the United States and/or conspiracy to commit wire fraud (doc. 1682 at 3);

2. He is factually and actually innocent of conspiracy to commit money laundering (*id.* at 22);

3. He is factually and actually innocent of the 28-point guidelines enhancement (*id.* at 30); and,

4. One of his prior state convictions no long qualifies as a "prior conviction" due to a change in the law precipitated by the Supreme Court's decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010) (*id.* at 33).

The Government has now moved to dismiss Defendant's motion, contending that it is untimely and that the claims raised therein are procedurally barred (doc. 1685). Defendant has responded in opposition to the Government's motion (doc. 1687).

<u>LEGAL ANALYSIS</u>

<u>Timeliness of Defendant's Motion</u>

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). If a defendant does not file an appeal, his conviction becomes final when the fourteen-day time period for filing an appeal expires. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); <u>Murphy v. United States</u>, 634 F.3d 1303, 1307 (11th Cir. 2011); <u>Mederos v. United States</u>, 218 F.3d 1252, 1253 (2000). In this case, Defendant's Judgment and Commitment Order was signed on August 7, 2010, and entered on the docket on August 10, 2010. Typically, then,

Defendant's fourteen-day period for appealing his conviction and sentence would have expired on August 24, 2010. As noted above, however, the matter of restitution remained unresolved and an amended judgment was entered on November 12, 2010, to reflect the court's ruling that the Government was not entitled to the payment of restitution (doc. 1522).[6] The Government and all defendants appeared at the restitution hearing (doc. 1608 at 2), but because no transcript was ordered, whether the court advised the parties of any appellate rights as to the amended judgment is unknown.[7] The court's February 8, 2011 order memorializing its October 27, 2010 ruling from the bench does not mention the issue of appeal (doc. 1608).

In its order directing the Government to respond to Defendant's motion, the court specifically directed the Government to address the impact of the District Court's February 8, 2011 memorandum opinion regarding restitution on the timeliness of Defendant's motion (*see* doc. 1684). In its motion to dismiss, the Government has devoted a single sentence to this issue, stating, without legal citation or further analysis, that "[t]he memorandum opinion explaining one portion of the Court's judgment had no bearing on the timeliness of an appeal or collateral attack" (doc. 1685 at 5).

Defendant cites two cases in support of his assertion that his motion is timely filed[8]: United States v. Riolo, 398 Fed. Appx. 568, 571 (11th Cir. 2010); United States v. Kapelushnik, 306 F.3d 1090 (11th Cir. 2002). Although Defendant correctly states that these cases held that a defendant's conviction does not become final until the 90-day period for ordering restitution expires, neither Riolo nor Kapelushnik supports his ultimate position under the facts of this case.

---

[6] As discussed more fully *infra*, because the district court deferred the matter of restitution, Defendant's conviction did not become final on August 24, 2010. Rather, it became final on November 8, 2010, when the 90-day period for ordering restitution expired (after which Defendant had fourteen days to file an appeal but did not do so).

[7] The record does not reflect that a transcript of the October 27, 2010 hearing (*see* doc. 1492) was ever prepared. In fact, a co-defendant's request for transcription of the hearing was denied as "not approved by CJA-24" (doc. 1567).

[8] Defendant appears to assert that the triggering event for the timeliness calculation is February 8, 2011, the date the court entered issued a written opinion on the matter of restitution, which date would render the instant § 2255 motion timely.

In Kapelushnik, the district court entered a final judgment following sentencing, but, as in the case at bar, scheduled a separate restitution hearing for a later date.  306 F.3d at 1093.  Before the court held the hearing, the Government filed a notice of appeal.  *Id*.  The district court, believing that the appeal divested it of jurisdiction, did not enter its restitution order within the 90-day period prescribed by 18 U.S.C. § 3664(d)(5).  The Kapelushnik court held that if the district court fails to make a restitution determination within the 90-day period, the judgment of conviction becomes final and contains no enforceable restitution provision.  306 F.3d at 1093–94 (citing United States v. Maung, 267 F.3d 1113, 1121 (11th Cir. 2001); United States v. Jolivette, 257 F.3d 581, 584 (6th Cir. 2001) (holding that the judgment of conviction, including the restitution provision, becomes final by operation of statute when the 90-day clock expires)).  The judgment of conviction was not final before that, and Government's notice of appeal was thus premature, although it "ripened into an effective notice" upon the expiration of the 90 days.  Kapelushnik, 306 F.3d at 1094 (citing United States v. Curry, 760 F.2d 1079, 1079–80 (11th Cir. 1985)).[9]

In Riolo, the defendant argued on direct appeal, among other things, that the district court lacked jurisdiction to order restitution because he filed a notice of appeal prior to entry of the restitution order.  398 Fed. Appx. 568.  The Riolo court found that this argument was foreclosed by Kapelushnik, because filing the notice of appeal did not preclude the court from ordering restitution.  It also reaffirmed that the defendant's conviction only became final after the 90-day period for ordering restitution expired or the district court entered its restitution order.  398 Fed. Appx. 568, 570.

There are cases holding that in limited circumstances a district judge may impose restitution after the 90-day period, such as "in cases where the defendant's own bad faith" causes the delay.  United States v. Johnson, 541 F.3d 1064, 1067 (11th Cir. 2008) (citing Maung, 267 F.3d at 1122 (11th Cir. 2001)).  These cases are of no moment to Defendant, as no restitution was imposed in the case at bar, and there was no basis for equitable tolling of the 90-day deadline.

---

[9] In light of the confusion engendered, the court offered that "district courts would be well advised not to enter the written judgment of conviction until the amount of restitution has been fixed."  Kapelushnik, 306 F.3d at 1094.

In accordance with Kapelushnik and Riolo, Defendant's judgment of conviction became final for appellate purposes 90 days from the entry of the judgment and commitment order on August 10, 2010, or November 8, 2010.[10]  Once the conviction became final in the district court, Defendant had fourteen days to file an appeal.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Because he failed to file an appeal, his conviction became final for purposes of § 2255 on November 22, 2010, when the time period for doing so expired.  Murphy, 634 F.3d at 1307; Mederos, 218 F.3d at 1253.  Thus, to have been timely filed his motion to vacate must have been filed within one year from that date, or on or before November 22, 2011.  28 U.S.C. § 2255(f).  The district court's February 8, 2011 order did not affect the date that Defendant's judgment of conviction became final, and Defendant's original § 2255 motion, filed on February 7, 2012, was untimely.

Procedural Bar

The Government argues that in addition to being untimely, Defendant's claims are procedurally barred because they could have been raised on direct appeal.  A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn v. United States, 365 F.3d 1225, 1234–35 (11th Cir. 2004); Bousley v. United States, 523 U.S. 614, 621 (1998); Mills v. United States, 36 F.3d at 1055 (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); United States v. Frady, 456 U.S. 152, 165 (1982).  Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent."  Lynn, 365 F.3d at 1234; Bousley, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct."  Lynn, 365 F.3d at 1235.  A meritorious claim of

---

[10] This was four days before the amended judgment reflecting the court's restitution ruling was entered on November 12, 2010.

ineffective assistance of counsel can constitute cause.  *See*  United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

Defendant's first two claims are, in essence, challenges to the sufficiency of the evidence against him, and thus could and should have been raised on direct appeal.  The government notes that Defendant's first two arguments are copied nearly verbatim from appellate briefs of co-defendants Eugene Casternovia and Arthur Merino (*see* doc. 1685 at 6).  Similarly, both his third claim, which relates to proper application of guidelines enhancements, and his fourth claim, relating to the calculation of his criminal history,  are sentencing arguments that also could have been reviewed on appeal.  *See, e.g.,* United States v. Bradley, 644 F.3d 1213, 1283–93 (11th Cir. 2011) (discussing application of Guidelines adjustments); United States v. Wright, 607 F.3d 708, 712 (11th Cir. 2010) (discussing calculation of criminal history).

It appears that Defendant attempts to use the catch phrase "actual innocence" to excuse his failure to file an appeal and the resulting procedural default.  This is improper.  The Supreme Court has stated that "actual innocence" means *factual* innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998) (emphasis added); Sawyer v. Whitley, 505 U.S. 333, 339 (1992).  This is true regardless of whether the allegations of actual innocence pertain to the crime or the sentence.  Bousley, 523 U.S. at 623 (defendant claimed actual innocence of crime); Sawyer, (defendant claimed actual innocence of sentence).  A claim of actual innocence is not in and of itself a constitutional claim, but instead "a gateway through which a habeas Petitioner must pass to have his otherwise bared constitutional claim considered on the merits."  Herrera v. Collins, 506 U.S. 390, 404 (1993).  The Eleventh Circuit has recently reaffirmed that the actual innocence exception is a very narrow exception.  McKay v. United States, 657 F.3d 1190, 1198 (11th Cir. 2011) (citing cases).  Although that court has not reached the question of whether this exception extends to the noncapital sentencing context, it assumed for sake of argument in McKay that the exception would apply beyond the capital sentencing context.  Even with this assumption, it found that the actual innocence exception did not apply to the defendant in that case, because his claim was one of legal, rather than factual innocence.  657 F. 3d at 1199 (citing Bousley, 523 U.S. at 623; Sawyer, 505 U.S. at 339).  Similarly, Defendant's first two "factual innocence" claims challenge the sufficiency of the evidence against him, a legal determination.  His sentencing claims regarding the Guidelines

calculations and the assessment of his criminal history are also claims of legal, rather than factual innocence. Therefore, none of his allegations excuse his procedural default.

Finally, to the extent that Defendant argues in ground four that he is entitled to relief in light of the Supreme Court's decision in <u>Carachuri–Rosendo v. Holder</u>, ___ U.S. ___, 130 S. Ct. 2577, 177 L. Ed. 2d 68 (June 14, 2010), because his prior conviction should not be considered for sentencing purposes, he is mistaken. The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001). The Court has not declared its decision in <u>Carachuri–Rosendo</u>, which arose under the Immigration and Nationality Act, to be a "new rule" of constitutional law that is retroactively applicable. *See* <u>United States v. Stallworth</u>, Nos. 3:95cr3039/RV, 3:11cv500/RV/EMT, 2012 WL 512644, *report and recommendation adopted by* <u>United States v. Stallworth</u>, 2012 WL 512627, at *1 (N.D. Fla. Feb 15, 2012) (finding <u>Carachuri-Rosendo</u> not retroactively applicable on collateral review); <u>Gaytan-Gonzalez v. Benov</u>, No. 1:11-cv-00965/AWI/MJS/HC, 2012 WL 28625, at *2 (E.D. Cal. Jan. 5, 2012) (same); <u>Stewart v. Warden, FCC Coleman-Low</u>, No. 5:11-cv-98/Oc/29SPC, 2011 WL 6004594, at *3 (M.D. Fla. Nov. 30, 2011) (same, citing unreported cases that have also so held); <u>Gaddy v. United States</u>, Nos. 3:08-cr-50, 3:11-cv-49, 2011 WL 7021140 (N.D.W. Va. Dec. 15, 2011) (same; also noting that even if <u>Carachuri-Rosendo</u> was retroactively applicable on collateral review, a timely-filed motion based on this case must have been filed on or before June 14, 2011). Therefore, absent its retroactivity, <u>Carachuri-Rosendo</u> is not applicable to Defendant's case. And, even if <u>Carachuri-Rosendo</u> were retroactively applicable, to the extent Defendant bases his motion on that case, it is time barred under § 2255(f), as it was not filed within one year of the Supreme Court's decision.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the Government's Motion to Dismiss (doc. 1685) be **GRANTED**, and Defendant's amended motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 1682), be **DENIED and DISMISSED**.

2. That no certificate of appealability issue.

At Pensacola, Florida, this 14th day of May 2012.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case Nos.: 3:08cr79/MCR; 3:12cv71/MCR/EMT